141 F.3d 1180
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
United States of America, Plaintiff-Appellee,
v.
Eddie Lonell FLEMING, Defendant-Appellant.
 No. 97-50028.
D.C. No. CR-96-00549-RAP.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted Mar. 10, 1998**.
Decided Mar. 17, 1998.
 
 Appeal from the United States District Court for the Central District of California Richard A. Paez, District Judge, Presiding.
 Before FLETCHER, BEEZER, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Eddie Lonell Fleming appeals his conviction for conspiracy to commit armed bank robbery, in violation of 18 U.S.C. § 371, and attempted armed bank robbery, in violation of 18 U.S.C. § 2113(a), (d). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 Fleming contends the district court erred by denying his motion for judgment of acquittal because there was insufficient evidence to support his convictions for conspiracy to commit armed robbery and attempted armed robbery. This contention lacks merit.
 
 
 4
 In a review for sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). There was clearly enough evidence at trial to demonstrate that a conspiracy to commit armed bank robbery existed between Tamara Bates and Toby Brazier. Thus, the government had only to prove beyond a reasonable doubt that Fleming had a slight connection to that conspiracy. See United States v. Hernandez, 876 F.2d 774, 779 (9th Cir.1989). Documentation was found in the vehicle Fleming was driving which linked the car to Bates and Brazier, Fleming fled from in front of the bank when he heard police sirens, and Fleming made a false exculpatory statement to police regarding his reason for driving the car sighted in front of the bank while the robbery was taking place. These facts could lead a reasonable jury to infer that an implied agreement existed between Fleming, Brazier and Bates to rob the bank. See United States v. Loya, 807 F.2d 1483, 1488 (9th Cir.1987).
 
 
 5
 Once the conspiracy was established, Fleming became vicariously liable for the all reasonably foreseeable acts of his coconspirators. See United States v. Saavedra, 684 F.2d 1293, 1300 (9th Cir.1982); see also United States v. Thomas, 887 F.2d 1341, 1345 (9th Cir.1989) (explaining that a coconspirator is vicariously liable for the substantive acts of his coconspirators which were committed in furtherance of the conspiracy, fell within the scope of the unlawful plan, and could have been reasonably foreseen as a necessary or natural consequence of the conspiracy). Bates's use of the firearm was in furtherance of and fell within the scope of the armed robbery conspiracy. Moreover, Fleming could have reasonably foreseen that a firearm would be used in this type of "takeover" (versus a "note-passing") bank robbery. Accordingly, the district court did not err in denying Fleming's motion for judgment of acquittal because the trier of fact could have found the essential elements of conspiracy to commit armed bank robbery and attempted armed bank robbery beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).[1]
 
 
 6
 Fleming also contends that the district court erred by failing to instruct the jury on the knowledge requirement to sustain a conviction as an aider and abettor to armed robbery. "Where no objection was raised to a jury instruction at trial, reversal would be warranted only for plain error." See United States v. Boone, 951 F.2d 1526, 1541 (9th Cir.1991). The district court instructed the jury on all of the essential elements of armed bank robbery. See 18 U.S.C. § 2113(a), (d) (1997). Fleming was charged as a coconspirator to armed robbery and not as an aider or abettor. Accordingly, the district court did not err by failing to instruct the jury on the knowledge requirement for an aider and abettor.
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Fleming argues that there was insufficient evidence to convict him as an aider and abettor to attempted armed bank robbery, this contention is meritless. Fleming was prosecuted and convicted on a coconspirator theory of liability, not aiding and abetting